IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTINE S. and JAMES A., individually and on behalf of T.A., a minor,<br><br>   Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF NEW MEXICO and the LOS ALAMOS NATIONAL SECURITY, LLC HEALTH PLAN,<br><br>   Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO ALTER OR AMEND THE COURT'S JUDGMENT**<br><br>Case No. 2:18-cv-00874-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

Before the court is plaintiffs Christine S. and James A.'s ("Plaintiffs") motion to alter or amend the court's judgment. ECF No. 106. Plaintiffs move the court to address whether Plaintiffs are entitled to prospective equitable remedies to protect them from defendants Blue Cross Blue Shield of New Mexico ("BCBSNM") and Los Alamos National Security, LLC Health Plan's (collectively, "Defendants") future Mental Health Parity and Addiction Equity Act ("MHPAEA") violations. For the following reasons, the court declines to alter its judgment on the parties' summary judgment motions.

## BACKGROUND

On November 6, 2018, Plaintiffs filed this lawsuit over the denial of benefits allegedly due to Plaintiffs for treatment of their son, T.A., under Christine S.'s ERISA employee group health benefit plan. Plaintiffs brought two claims: 1) recovery of benefits under 29 U.S.C.

§ 1132(a)(1)(B) ("ERISA claim"), and (2) violation of MHPAEA under 29 U.S.C. § 1132(a)(3) ("MHPAEA claim").

On April 9, 2021, the parties filed cross-motions for summary judgment. The court heard oral argument on the motions on October 1, 2021. On October 14, 2021, the court issued a memorandum decision and order granting Defendants' motion for summary judgment and denying Plaintiffs' corresponding motion. The court granted summary judgment for Defendants on both of Plaintiffs' claims. First, the court found that "neither T.A.'s uncovered care at Elevations nor at Cherry Gulch was medically necessary for the period of time that BCBSNM denied coverage." ECF No. 103 at 8. Second, the court ruled that, while Defendants violated MHPAEA by including a "more stringent definition of medical necessity for mental health care than for medical/surgical care," there was no "nexus . . . between the violative language and T.A.'s benefits denial." *Id.* at 19.

Plaintiffs filed this motion to alter the judgment on November 11, 2021, within the twenty-eight-day window required by Federal Rule of Civil Procedure 59(e). Plaintiffs do not seek reconsideration of the court's ruling on their ERISA claim. Rather, Plaintiffs request only that the court revisit their MHPAEA claim. Specifically, "Plaintiffs ask that the Court revise its decision and order to address whether Plaintiffs are entitled to prospective equitable remedies to protect them from Defendants' future MHPAEA violations." ECF No. 106 at 2.

## LEGAL STANDARD

Rule 59(e) permits a motion to alter or amend a judgment within twenty-eight days after the entry of judgment. "A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). Specific grounds for granting the motion include: "(1) an intervening

change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a motion to reconsider is not an appropriate venue "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* And "once the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019). At bottom, then, a motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## ANALYSIS

Plaintiffs contend that the court's memorandum decision and order granting summary judgment in favor of BCBSNM and denying Plaintiffs' motion for summary judgment suffers from clear error. Specifically, Plaintiffs argue that the court misunderstood Plaintiffs' request for relief and thus failed to address whether Plaintiffs are entitled to prospective equitable remedies to protect them from Defendants' future MHPAEA violations. *See* ECF No. 106 at 2. Plaintiffs request that the court consider granting declaratory relief, granting injunctive relief, reforming the Plan terms, or ordering specific performance of comparative analyses. *Id.* at 8.

As an initial matter, the court did not misunderstand Plaintiffs' request for relief. Rather, Plaintiffs failed to articulate their present request for relief in their motion for summary judgment. Plaintiffs' motion for summary judgment asked the court to "award Plaintiffs equitable relief in the form of specific performance," which "in this case would entail the Court's order that Defendants apply criteria and definitions to the residential treatment T.A. received at Elevations and Cherry Gulch that are no more stringent than the criteria and definitions

Defendants apply to medical/surgical care generally and inpatient hospice facilities in particular." ECF No. 75 at 61. If the court disfavored specific performance, Plaintiffs requested instead "[d]isgorgement, restitution, and surcharge." *Id.* at 62. Indeed, Plaintiffs never mentioned injunctive relief in their motion and mentioned declaratory judgment only in the context of arguing against remand. At bottom, all of the relief sought by Plaintiffs regarding the MHPAEA claim specifically attempted to remedy the way in which Defendants' MHPAEA violation affected Defendants' coverage determination. But the court determined that the violation had no such effect. *See* ECF No. 103 at 20 (finding a "lack of nexus between the facially violative language and the decision in T.A.'s case"). Accordingly, the court found for Defendants on the MHPAEA claim.

Plaintiffs now argue that their request for "appropriate equitable relief" encompassed several types of relief that they failed to specifically discuss in their motion for summary judgment. But it is not appropriate to now advance on a Rule 59(e) motion new arguments for different kinds of relief that could have been raised in the original briefing. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."); *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) ("A motion to reconsider should not be used to . . . advance arguments that could have been raised earlier."). Moreover, as discussed below, even considering the merits of the relief Plaintiffs now request, the court finds no grounds for granting such relief.

### A. *Declaratory Relief*

Plaintiffs argue that the court has already effectively provided Plaintiffs with declaratory relief by holding that Defendants' conduct violated MHPAEA. As a threshold matter, the court

4

did not grant declaratory relief to Plaintiffs but rather ruled against them on their MHPAEA claim. Indeed, the court could not have granted Plaintiffs declaratory relief—nor can it do so now. In order for the court to grant declaratory relief, "a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Sensitron, Inc. v. Wallace*, 504 F. Supp. 2d 1180, 1184 (D. Utah 2007) (quoting *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999)); *see also Jordan v. Sosa*, 654 F.3d 1012, 1025 (10th Cir. 2011) ("[I]n the context of an action for declaratory relief, a plaintiff must be seeking more than a retrospective opinion that he was wrongly harmed by the defendant."); *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010) ("Declaratory judgment actions must be sustainable under the same mootness criteria that apply to any other lawsuit."). And Plaintiffs must show more than "[p]ast exposure to illegal conduct . . . unaccompanied by any continuing, present adverse effects." *Jordan*, 654 F.3d at 1024; *Prison Legal News v. Fed. Bureau of Prisons*, 944 F.3d 868, 883 (10th Cir. 2019) (rejecting declaratory relief where the declaration "would serve merely as 'a retrospective opinion that [plaintiff] was wrongly harmed by the [defendant]'" (citation omitted)). Moreover, the declaratory relief must "affect[] the behavior of *the defendant toward the plaintiff*." *Jordan*, 654 F.3d at 1025 (citation omitted). But, when briefing the cross-motions for summary judgment, Plaintiffs never argued that they would suffer future harm from Defendants' MHPAEA violation.

Plaintiffs now offer a declaration from Christine S. explaining that T.A. continues to struggle from serious mental health challenges and will likely need further residential treatment. Plaintiffs argue that this declaration provides the evidence necessary to grant declaratory relief. Plaintiffs' contention fails for two reasons. First, a Rule 59(e) motion cannot rely on evidence that was available at the time of the original motion. *Coverstar, Inc. v. Cooley, Inc.*, 2:01-cv-663,

5

2006 WL 8458377, at *1 (D. Utah Oct. 5, 2006) ("As a matter of law, a movant is not entitled to reconsideration based upon evidence that was available before disposition of a motion for summary judgment."); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) ("Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (citation omitted)). The parties submitted their cross-motions for summary judgment on April 9, 2021. Christine S.'s declaration centers around T.A.'s suicide attempt on March 5, 2021, and his subsequent inpatient treatment for two weeks. But all of these events occurred before the parties submitted their cross-motions for summary judgment. Accordingly, Plaintiffs could have cited this evidence in their original motion to explain to the court why the evidence demonstrated a likelihood of future harm thus warranting a declaratory judgment. But they did not.

Second, the court cannot now grant declaratory relief because there is simply no evidence of a likelihood of future harm. The current terms of the Plan define medically necessary mental health benefits as

> Health Care Services determined by a Provider, in consultation with BCBSNM, to be appropriate or necessary, according to any applicable generally accepted principles and practices of good medical care or practice guidelines developed by the federal government, national or professional medical societies, boards and associations, or any applicable clinical protocols or practice guidelines developed by BCBSNM consistent with such federal, national, and professional practice guidelines, for the diagnosis or direct care and treatment of a physical, behavioral, or Mental Disorder condition, illness, injury, or disease.

ECF No. 107 at 9. These terms are nearly identical to the Plan's current definition for medically necessary medical/surgical benefits, which reads

> Health Care Services determined by a Provider, in consultation with BCBSNM, to be appropriate or necessary, according to any applicable generally accepted principles and practices of good medical care or practice guidelines developed by

6

> the federal government, national or professional medical societies, boards and associations, or any applicable clinical protocols or practice guidelines developed by BCBSNM consistent with such federal, national, and professional practice guidelines, for the diagnosis or direct care and treatment of a physical, Mental Disorder or Chemical Dependency condition, illness, injury, or disease.

*Id.* at 8-9. Because the Plan now contains a nearly identical definition of medical necessity for medical/surgical benefits and mental health benefits, there is no risk of future harm from the MHPAEA violation identified by Plaintiffs in their motion for summary judgment because such violation no longer exists in the Plan. Accordingly, absent any likelihood of future injury to Plaintiffs, the court will not grant declaratory relief.

### B. Injunctive Relief

While Plaintiffs request injunctive relief in their initial Rule 59(e) motion, they appear to abandon this request in their reply brief. Specifically, "Plaintiffs concede . . . [i]njunctive relief is not necessary where Defendants have already revised the Plan to remove language that violated MHPAEA." ECF No. 108 at 11.[1] Accordingly, the court declines to alter the judgment to grant Plaintiffs injunctive relief.

### C. Specific Performance of Comparative Analyses

Finally, Plaintiffs request that the court require Defendants to perform and document comparative analyses of the design and application of non-quantitative treatment limitations to both mental health or substance use disorder benefits and medical and surgical benefits. But 29 U.S.C. § 1185a(a)(8)(A) provides for such comparative analyses only at the request of the Secretary of Labor. Specifically, the provision states that "such plan or issuer shall perform and document comparative analyses of the design and application of NQTLs and . . . make available to the Secretary, *upon request*, the comparative analyses." 29 U.S.C. § 1185a(a)(8)(A) (emphasis

---

[1] For the same reason, the court cannot reform the contract terms as initially requested by Plaintiffs.

added). Indeed, 29 U.S.C. § 1185a(a)(8)(B) outlines the "Secretary request process" and 29 U.S.C. § 1185a(a)(8)(C) outlines what the Secretary should do with findings of noncompliance upon reviewing the comparative analyses. The court declines to step into the shoes of the Secretary of Labor to order such a comparative analysis by Defendants.

## CONCLUSION

Accordingly, the court DENIES Plaintiffs' motion to alter or amend the judgment under Rule 59(e).

DATED June 14, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge